JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeffrey Petheridge

## DEFENDANTS
Lota USA, LLC

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☒ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332
Brief description of cause:
Plaintiff's real property allegedly suffered damages due to the purported failure of a faucet

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                        DOCKET NUMBER

DATE
12/04/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5 Henderson Avenue, Ridley Park, PA  19078_____

Address of Defendant: _____ 6701 Center Drive W., Los Angeles, CA  90045_____

Place of Accident, Incident or Transaction: _____ 30 West Chelten Road, Parkside, PA_____

---

*RELATED CASE, IF ANY:*

Case Number: _____          Judge: _____          Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐   No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐   No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?          Yes ☐   No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _12/4/18_          _(signature)_          **74908**

Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.**     *Federal Question Cases:*

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐   2.   FELA
☐   3.   Jones Act-Personal Injury
☐   4.   Antitrust
☐   5.   Patent
☐   6.   Labor-Management Relations
☐   7.   Civil Rights
☐   8.   Habeas Corpus
☐   9.   Securities Act(s) Cases
☐   10.  Social Security Review Cases
☐   11.  All other Federal Question Cases
         *(Please specify):* _____

**B.**     *Diversity Jurisdiction Cases:*

☐   1.   Insurance Contract and Other Contracts
☐   2.   Airplane Personal Injury
☐   3.   Assault, Defamation
☐   4.   Marine Personal Injury
☐   5.   Motor Vehicle Personal Injury
☐   6.   Other Personal Injury *(Please specify):* _____
☑   7.   Products Liability
☐   8.   Products Liability – Asbestos
☐   9.   All other Diversity Cases
         *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____          _____          _____
                       Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5 2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Jeffrey Petherbridge | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Spectrum Brands, Inc., et al. | : | |
| and Lota, USA, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                              (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                       (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( X )

| | | |
|---|---|---|
| 12/04/2018 | David R. Bronstein | Defendant, Lota, USA, LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 665-3342 | (215) 561-6661 | bronstein@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY PETHERBRIDGE | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| SPECTRUM BRANDS, INC., ET AL. | : | NO.: |
| AND LOTA, USA, LLC | : | |

## NOTICE OF REMOVAL

AND NOW, comes Defendant, Lota USA, LLC, for the purpose only of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.     This matter is a civil action filed and now pending in the Court of Common Pleas of Delaware County, No. CV-2018-001891.

2.     The action was initiated in that court by Writ of Summons on March 12, 2018 and marked filed with that Court on March 13, 2018.

3.     Pursuant to a Rule to File Complaint, Plaintiff filed a Complaint on or about October 5, 2018.  See attached true and correct copy of the Complaint marked as Exhibit A.

4.     The averments made herein are true and correct with respect to the date and time upon which the Complaint was filed and served and the date upon which this notice is being filed.

5.     This suit is of a civil nature and involves a controversy between citizens of different states.

6.      Specifically, plaintiff's Complaint alleges makes claims against all defendants sounding in negligence, "product liability/strict liability" under Restatement (Second) of Torts §402A, breach of warranty, and "strict liability – malfunction theory" regarding damages allegedly suffered due to the purported failure of a faucet designed, manufactured, distributed, sold and/or introduced into the stream of commerce by the defendants.

7.      At the time this action was commenced in the Court of Common Pleas of Delaware County and at the present time plaintiff is an individual residing in the Commonwealth of Pennsylvania and therefore is a citizen of the Commonwealth of Pennsylvania.

8.      At the time this action was commenced in the Court of Common Pleas of Delaware County and at the present time, Lota USA, LLC is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in California.  Therefore, Lota USA, LLC is not a citizen of the Commonwealth of Pennsylvania.

9.      At the time this action was commenced in the Court of Common Pleas of Delaware County and at the present time, Spectrum Brands, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Wisconsin. Therefore, Spectrum Brands, Inc. is not a citizen of the Commonwealth of Pennsylvania.

10.      At the time this action was commenced in the Court of Common Pleas of Delaware County and at the present time, Spectrum Brands Holdings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Wisconsin.  Therefore, Spectrum Brands Holdings, Inc. is not a citizen of the Commonwealth of Pennsylvania.

11.     At the time this action was commenced in the Court of Common Pleas of Delaware County and at the present time, Pfister, Inc. is a corporation duly organized and existing under the laws of the State of Wisconsin, with its principal place of business in Wisconsin.  Therefore, Pfister, Inc. is not a citizen of the Commonwealth of Pennsylvania.

12.     Defendant, Lota USA, LLC, seek to remove this matter to the United States District Court for the eastern District of Pennsylvania.  Defendant, Lota USA, LLC asserts that the amount in controversy in this matter exceeds $75,000.

13.     Plaintiff's Complaint demands judgment against the defendants jointly and severally for a sum in excess of the arbitration jurisdictional limits in effect in this County, which is $50,000.00.

14.     In an effort to verify the amount in controversy, Lota USA's insurer communicated with Plaintiff's counsel regarding the damages allegedly sustained by the plaintiff.

15.     Via independent adjustment documents received from Plaintiff's counsel, Plaintiff is asserting, at least, $80,973.11 in total damages due to the alleged failure of the faucet.  This total includes $74,188.03 for damages to the structure and $6,785.08 for mitigation.

16.     Defendants Spectrum Brands, Inc., Spectrum Brands Holdings, Inc., and Pfister Inc. consent to the removal of this action.  See Exhibit A.

17.     Because this matter involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, this matter is removable under 28 U.S.C. §1332.

**WHEREFORE**, Defendant, Lota USA, LLC, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____

David R. Bronstein, Esquire
Attorney I.D. #74908
1601 Market Street, 16th Floor
Philadelphia, PA  19103
(215) 561-4300
Attorneys for Defendant,
Lota USA, LLC

Dated:  December 4, 2018

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY PETHERBRIDGE                     :
                                         :
            v.                           :          CIVIL ACTION
                                         :
SPECTRUM BRANDS, INC., ET AL.            :          NO.:
AND LOTA, USA, LLC, AND                  :

### <u>NOTICE</u>

TO:   Anthony S. Pinnie, Esquire            David F. White, Esquire
      334 West Front Street                 Marshall, Dennehey, Warner, Coleman,
      Media, PA  19063                      Goggin, P.C.
                                            620 Freedom Business Center
                                            Suite 300
                                            King of Prussia, PA. 19406

Please take notice that defendant, Lota USA, LLC has filed a Notice of Removal to the

United States District Court for the Eastern District of Pennsylvania removing to that Court a civil

action previously pending in the Court of Common Pleas of Delaware County, entitled, <u>Jeffrey

Petherbridge v. Spectrum Brands, Inc., et al.</u>, No. CV-2018-001891.

                                BENNETT, BRICKLIN & SALTZBURG LLC

                        BY:    _____
                                DAVID R. BRONSTEIN, ESQUIRE
                                Attorney I.D. #74908
                                1601 Market Street, 16th Floor
                                Philadelphia, PA 19103
                                (215) 561-4300
                                Email: bronstein@bbs-law.com
                                Attorney for Defendant,
Dated:  December 4, 2018        Lota USA, LLC

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY PETHERBRIDGE | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| SPECTRUM BRANDS, INC., ET AL. | : | NO.: |
| AND LOTA, USA, LLC, AND | : | |

### PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA       :

                                                       :

COUNT OF PHILADELPHIA                 :

     David R. Bronstein, being duly sworn according to law, deposes and says that he is a member in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Lota USA, LLC.

     That he did direct the filing with the Prothonotary of the Court of Common Pleas of Delaware County a copy of the Notice of Removal, attached hereto, said filing to be made on December 4, 2018.

**BENNETT, BRICKLIN & SALTZBURG LLC**

DAVID R. BRONSTEIN, ESQUIRE
Attorney I.D. #74908
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
Email: bronstein@bbs-law.com
Attorney for Defendant,
Lota USA, LLC

**Sworn to and subscribed
before me this 4th day
of December, 2018.**

**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2021

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY PETHERBRIDGE | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| SPECTRUM BRANDS, INC., ET AL | : | NO.: |
| AND LOTA, USA, LLC, AND | : | |

## PROOF OF SERVICE

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | : |
| COUNTY OF PHILADELPHIA | : |

David R. Bronstein, being duly sworn according to law, deposes and says that he is a member in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Lota USA, LLC and that he did serve this 4th day of December, 2018, the aforementioned notice to plaintiff upon the individual named below by forwarding a copy of same via electronic notification by the Court and/or in the United States first class mail, postage prepaid, enclosed in envelope plainly addressed to:

Anthony S. Pinnie, Esquire
334 West Front Street
Media, PA  19063

David F. White, Esquire
Marshall, Dennehey, Warner, Coleman, & Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA. 19406

**BENNETT, BRICKLIN & SALTZBURG LLC**

DAVID R. BRONSTEIN, ESQUIRE
Attorney I.D. #74908
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
Email: bronstein@bbs-law.com
Attorney for Defendant, Lota USA, LLC

Sworn to and subscribed
before me this 4th day
of December, 2018.

**NOTARY PUBLIC**
COMMONWEALTH OF PENNS

NOTARIAL SEAL
Notary Public
City                  County
My Comm:   October 24, 2021

EXHIBIT A

ANTHONY S. PINNIE, ESQUIRE
ATTY. I.D. 46696
334 West Front Street
Media, PA 19063
(610) 892-9200                                    ATTORNEY FOR PLAINTIFF

---

JEFFREY PETHERBRIDGE                :    COURT OF COMMON PLEAS
5 Henderson Avenue                  :    COUNTY OF DELAWARE
Ridley Park, PA 19078               :    CIVIL ACTION – LAW
                                    :
                        Plaintiff,  :    #: CV- 2018 -001891
                                    :
        vs.                         :
                                    :
Spectrum Brands, Inc, *et al.*      :
3001 Deming Way                     :
Middleton, WI 53526                 :
                                    :
And                                 :
LOTA, USA, LLC                      :
6701 Center Drive W                 :
Los Angeles, CA 90045               :
                                    :
                        Defendants. :

---

## COMPLAINT

Plaintiff, by and through his attorney, Anthony S. Pinnie, Esquire, hereby respectfully submits the following Complaint and avers in support as follows:

## THE PARTIES

1. Plaintiff, JEFFREY PETHERBRIDGE, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 5 Henderson Avenue, Delaware County, Ridley Park, PA 19078.

2. Defendant, SPECTRUM BRANDS INC, was, at all times relevant, a corporation or other business entity organized and existing pursuant to the laws of the State of Wisconsin, with a principle place of business located at 3001 Deming Way, Middleton, Wisconsin 53562 and who at all times regularly conducted business in Delaware County, Pennsylvania by way of the manufacturing, sales and distribution

1

of Plumbing products and their attendant component parts to citizens and residents of the County.

3.  Defendant, SPECTRUM BRANDS HOLDINGS, INC, was, at all times relevant, a corporation or other business entity organized and existing pursuant to the laws of the State of Wisconsin, with a principle place of business located at 3001 Deming Way, Middleton, Wisconsin 53562 and who at all times regularly conducted business in Delaware County, Pennsylvania by way of the manufacturing, sales and distribution of Plumbing products and their attendant component parts.

4.  Defendant, LOTA USA LLC, was, at all times relevant, a corporation or other business entity organized and existing pursuant to the laws of the State of California, with a principle place of business located at 6701 Center Drive W, Los Angeles, CA 90045 and who at all times regularly conducted business in Delaware County, Pennsylvania by way of the manufacturing, sales and distribution of Plumbing products and their attendant component parts.

5.  Defendant, PFISTER INC, A SUBSIDIARY/DIVISION OF SPECTRUM BRANDS INC, was, at all times relevant, a corporation or other business entity organized and existing pursuant to the laws of the State of Wisconsin, with a principle place of business located at 3001 Deming Way, Middleton, Wisconsin 53562 and who at all times regularly conducted business in Delaware County, Pennsylvania by way of the manufacturing, sales and distribution of Plumbing products and their attendant component parts.

6.  At all times material and relevant to the allegations in this Complaint, all Defendants, acted or failed to act by or through their duly designated officers, principals, representatives, subsidiaries, ostensible agents, employees, workers, servants, licensed insurance agencies, licensed insurance agents, or contractors and are jointly and severally responsible for the damages caused to the plaintiff.

7.  At all times relevant to this litigation, it is believed and averred that the Defendants were the manufacturers, and/or distributors and/or sellers of a certain Plumbing product, to wit, the Pfister Pasadena Widespread Lavatory Faucet, with serial/part number LF-049-PDKK.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

2

8. On March 13, 2018, Plaintiff initiated this action by way of writ of summons.

9. On or about March 23, 2016 Plaintiff purchased a property located at 30 West Chelten Road, Parkside, Delaware County, Pennsylvania.

10. On or about March 24, 2016, Plaintiff began a comprehensive rehabilitation project on the home, with the express intention of gutting the property and replacing the interior with all new products and materials, including, but not limited to drywall, flooring, carpeting, HVAC, carpentry, cabinetry, tile, granite, appliances, plumbing and electrical.

11. At some time after March 24, 2016, Plaintiff purchased a Pfister brand "Pasadena" Lavatory Faucet, LF-049-PDKK from a Home Depot Store #4142, located at 300 MacDade Boulevard, Folsom, Delaware County, Pennsylvania. It is averred that the Defendants collectively and routinely sold and distributed their products through outlets such as Home Depot.

12. On or about April 28, 2017, after an entire year of work on the home, the Plaintiff completed the Plumbing in the kitchen, 2nd floor bathroom and 1st floor powder room, utilizing in the second floor bathroom the aforementioned Pfister Pasadena Lavatory Faucet. At all times, the Plaintiff utilized the services of quality licensed Master plumbers who installed the faucet in accordance with all acceptable standards and per the minimal instructions provided by the Defendants.

13. On or about May 21, 2017, Plaintiff traveled to the home for purposes of performing rehabilitation work at the home, which at that time, was substantially complete and ready for market resale in approximately two (2) additional weeks' time. Plaintiff had already begun the process of getting the property ready for listing for sale on the market.

14. On or about May 21, 2017, in the early afternoon, Plaintiff traveled to the home only to find the home completely inundated with water, flowing from the second floor, through the flooring, joists and drywall, to the lower floors of the home.

15. Upon investigation, Plaintiff discovered that the Pfister Pasadena Lavatory Faucet had failed, and specifically failed below the sink, where the braided water hose lines

3

connect to the faucet by way of the Pfister "Pfast Connect" (trademarked) system, which utilizes a *flimsy* plastic threaded coupling or "Nut" to connect to the braided water lines and not a more substantial brass fitting.

16. Plaintiff immediately shut off the water source and retained all of the offending parts from the Pasadena Lavatory Faucet, which included the flimsy plastic threaded coupling or "nut", which had fractured and broken free from the braided water line, thus allowing water to gush from the second floor bathroom and through the entire home, causing widespread and irreparable harm.

17. On or about May 22, 2017, Plaintiff contacted the warranty department of Defendants Spectrum/Pfister and alerted the representative of the issue with failed and fractured connecting nut, and the Defendants representative immediately sent an entirely new replacement Pasadena Lavatory Faucet, with serial/part number LF-049-PDKK.

18. On or about May 23, 2017, Plaintiff received the aforementioned exact replacement Pasadena Lavatory Faucet, LF-049-PDKK from the Pfister/Spectrum Defendants, which was sent via UPS. Upon opening the box and inspecting the replacement faucet, Plaintiff immediately noticed that the plastic connecting coupling/nut, were replaced with solid brass coupling fittings and or brass nuts.

19. It is believed and averred that the Defendants knew or should have known that the Plastic fittings were not suitable for their intended purpose and were defective for the specific application of connecting hot and cold water hoses.  Hence, the Defendants now use solid brass fitting/couplings on all of their Pasadena Lavatory Faucet products.

20. After the devastating water damage to the entire home, which was substantially completed and market ready, Plaintiff took the necessary steps to mitigate his losses by photographing the water damage, preserving the evidence and gutting and discarding the materials destroyed by the flood.

21. At all relevant times the collective defendants did  operating regularly, continuously, and systematically in the Commonwealth of Pennsylvania and Delaware County, by its agents, servants, workmen and/or employees, engaged in the business of said Defendant and acting within the course and scope of its employment.

4

22. At all relevant times, Defendants, jointly and severally, were a collective business enterprise., a joint venture and/or operated in concert and for a joint purpose, with the use of persons who were simultaneously employees and agents of such Defendants and who were acting at the simultaneous and joint request of such Defendants such that the purpose of the existence of such Defendants was solely to benefit each other.

23. The Defendant, jointly and severally did placed into stream of commerce the aforementioned defective product by way of sales and distribution through Home Depot.

24. Prior to the Plaintiff's incident, the Defendants jointly and severally had actual and/or constructive knowledge of other accidents and/or serious damages sustained by individuals, such as Plaintiff, wherein component parts of the Pfister faucets could spontaneously disintegrate or fracture due to defective/faulty manufacturing.

25. Prior to the time of Plaintiff's injury incident , and despite the aforementioned knowledge of problems with the breakage of the defective plastic nut, the collective Defendants took no action to correct the defects in their product, issue recall notices, or provide sufficient warnings to ultimate users and consumers.

26. It is believed and averred that the Defendants, jointly and severally, eventually took corrective measures to replace the plastic nut with the solid brass nut, as evidenced by the replacement Pasadena faucet sent to Plaintiff a day after the incident.

27. At all times relevant hereto, Plaintiff used and installed the Defendant's product in the manner for which it was intended.

### COUNT I: NEGLIGENCE
**Plaintiff v. All Defendants**

28. All preceding paragraphs are incorporated herein as though set forth at length.

29. The injuries and damages to Plaintiff hereinafter set forth were caused by and were the direct and proximate result of the negligence, carelessness, and recklessness of the Defendants, jointly and severally, as set forth:

a.      failing to warn the Plaintiff/end users  of the dangers involved with the spontaneous breakage  of the plastic coupling or nut, which was caused   by way of an improper design, improper materials  and quality control of the Defendants;

b.      designing, manufacturing, distributing, and selling, the aforementioned Pfister Pasadena L:avatory Faucet, in a defective condition, with the flimsy and unstable plastic nut/coupling,  manufactured with fractures, imperfections and non-uniform and/or inadequate thickness, unable to withstand expected and anticipated internal and external pressures/forces, including thermal forces.     All of the above conditions caused and/or contributed to the spontaneous breakage of the nut in this matter, and caused Plaintiff's damages.

c.      by failing to implement a program of remediation when they knew, or should have reason to know, that the design, testing and quality control utilized to discover and test defective parts  was substandard, and unreasonably dangerous;

d.      by failing to implement a feasible alternative to designing, and testing for defective component parts, and to further design and implement certain mechanisms to prevent spontaneous broken nuts from damaging end users such as plaintiff.

e.      Defendants were negligent by failing to advise users and consumers of the defective nature of the plastic nut , after having actual notice of problems and/or injuries by other users before the date of Plaintiff's accident caused by breakage;

f.      Defendants were negligent in the packing, shipping and handling (including storage) of the product, which caused and or contributed to the  breakage of the defective nut.

30. As a direct and proximate result of the aforementioned incident, caused by the Defendants, jointly and severally, Plaintiff has suffered damages to his entire home and  property in the form of massive water damage, with resultant mold and mildew issues.

WHEREFORE, Plaintiffs, respectfully requests your Honorable Court to enter judgment in favor of Plaintiff and against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with costs and interest.

## COUNT III: PRODUCT LIABILITY/STRICT LIABILITY
### Restatement (Second) of Torts §402A
### Plaintiff v. All Defendants

31. All preceding paragraphs are incorporated herein as though set forth at length.

32. The Defendants did design, manufacture, distribute, sell, and make available for use, in the ordinary stream of commerce the aforementioned Pasadena Lavatory Faucet

33. The Defendants knew, or should have known, that this faucet would ultimately be purchased and used by persons such as the Plaintiff herein, and therefore Defendant had an absolute, non-delegable duty, to make the product safe in all regards.

34. The Pasadena Lavatory Faucet, which forms the basis of this lawsuit, was manufactured, designed, distributed, and sold  in a defective condition, and was unreasonably dangerous to end users, such as the Plaintiff.

35. The Plaintiff's damages, as outlined previously, were caused by the defects which were present in the faucet, pursuant to §402(a) of the Restatement (Second) of Torts, and caused damage to other property at the Plaintiffs location.

36. The defective nature of the Pasadena Faucet and the danger of a breaking plastic coupling/ nut, which would cause water to gush into the plaintiff's home, was unknown to Plaintiff and unacceptable.

37. Further, the defendants were well aware that a feasible alternative existed in the form of a brass fitting, which the defendants have since incorporated into their Pasadena Product line. A reasonable person, such as Plaintiff would conclude that the probability and seriousness of harm caused by the product outweigh the burden or

costs of taking precautions, such as the use of a brass fitting rather than a plastic fitting.

38. The defects in the aforementioned Pasadena faucet, as set for previously, included, but were not limited to the following:

  a. failing to warn the Plaintiff/end users of the dangers involved with the breakage of plastic connecting nuts, which was caused by way of an improper design, testing and quality control of the Defendants;

  b. designing, manufacturing, distributing, and selling, the aforementioned Pasadena Faucet , in a defective condition, with the component parts improperly manufactured with fractures, imperfections and non-uniform and/or inadequate thickness, unable to withstand expected and anticipated internal and external pressures/forces, including thermal forces.   All of the above conditions caused and/or contributed to the breakage of the plastic connecting nut in this matter, and caused Plaintiff's property damage.

  c. by failing to implement a program of remediation when they knew, or should have reason to know, that the design and quality control utilized to discover and test defective plastic nuts was substandard, and unreasonably dangerous;

  d. by failing to implement a feasible alternative to designing, and testing for defective component part, such as a brass nut,  and to further design and implement certain mechanisms to prevent breaking component parts from causing property damage to end users such as plaintiff.

  e. Defendants were negligent by failing to advise users and consumers of the defective nature of the component parts of the faucet , after having actual notice of problems and/or damages by other users before the date of Plaintiff's incident caused by breakage;

  f. Defendants were negligent in the packing, shipping and handling of the product (including storage), which caused and or contributed to the breakage of the plastic nut;

  g. Failing to use a brass nut/couplings on all Pasadena Faucets, which are sturdy and durable. It is averred that the Defendants use said brass couplings/nuts on all of their products as of this complaint, and the risk-utility of

8

using a sturdy brass fitting are not outweighed by the potential for the massive water damage caused by the failing plastic fitting;

      h.     Failing to recall all past Pasadena faucets that contained the flimsy plastic nut/coupling after the company switched to using brass products.

39.     As a direct and proximate result of the defective nature of the Faucet and its component parts, Plaintiff sustained property damage to his home, as well as monetary damages, as outlined above.

WHEREFORE, Plaintiff, respectfully requests your Honorable Court to enter judgment in favor of Plaintiff and against Defendants, in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with costs and interest.

## COUNT V: BREACH OF WARRANTY
### Plaintiff v. All Defendants

40. All preceding paragraphs are incorporated herein as though set forth at length.

41. Defendants jointly and severally, expressly and impliedly warranted that the subject product, to wit, the Pasadena Faucet, was safe and fit for the particular purpose for which it was made and sold.

42. The product Faucet was made in an unacceptable/defective manner, and caused injury and damage to the property of the Plaintiffs.

43. The aforesaid breach of warranties, both express and implied, was a proximate cause of the damages sustained by the Plaintiffs.

WHEREFORE, Plaintiff, respectfully requests your Honorable Court to enter judgment in favor of Plaintiff and against Defendants, in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with costs and interest.

## COUNT IV-PLAINTIFF VS DEFENDANTS
## STRICT LIABILITY- MALFUNCTION THEORY
### Plaintiff v All Defendants

44.  Plaintiff incorporates by reference paragraphs one through 41 are incorporated herein as though fully set forth at length.

45.  The Defendants did design, manufacture, distribute, sell, and make available for use, in the ordinary stream of commerce the aforementioned Pasadena Lavatory Faucet.

46.  The Defendants knew, or should have known, that this Faucet would ultimately purchase and used by persons such as the Plaintiff herein, and therefore Defendant had an absolute, non-delegable duty, to make the product safe in all regards.

47. The Pasadena Faucet, which forms the basis of this lawsuit, was manufactured, designed, distributed, and sold to Plaintiff in a defective condition, and was unreasonably dangerous to end users, such as the Plaintiff.

48. The Plaintiff's damages, as outlined previously, were caused by the defects which were present in the faucet, pursuant to §402(a) of the Restatement (Second) of Torts.

49. The Pasadena faucet malfunctioned due to an inherent defect and would not have spontaneously broken but for a defect.

50. Plaintiff's damages, as outlined above, were caused by the aforementioned malfunctioning of the faucet and the subsequent breakage of the defective plastic nut.

51. The defective nature of the Pasadena Faucet and the danger of a breaking plastic coupling/ nut, which would cause water to gush into the plaintiff's home, was unknown to Plaintiff and unacceptable.

52. Further, the defendants were well aware that a feasible alternative existed in the form of a brass fitting, which the defendants have since incorporated into their Pasadena Product line. A reasonable person, such as Plaintiff would conclude that the

10

probability and seriousness of harm caused by the product outweigh the burden or costs of taking precautions, such as the use of a brass fitting rather than a plastic fitting.

WHEREFORE, Plaintiff, respectfully requests your Honorable Court to enter judgment in favor of Plaintiff and against Defendants, in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with costs and interest.

Respectfully Submitted:

BY: _____

ANTHONY S. PINNIE, Esquire

334 West Front St.

Media, PA 19063

610 892 9200

Attorney for Plaintiff Petherbridge

DATE: October 3, 2018

11

## VERIFICATION

I, JEFFREY PETHERBRIDGE, Plaintiff in this matter, being duly sworn according to law, hereby depose and say that the facts contained in the foregoing Document are true and correct to the best of my knowledge , information, and belief.

This affirmation is made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

10-3-18

JEFFREY PETHERBRIDGE

## CERTIFICATE OF SERVICE

**ANTHONY S. PINNIE, ESQUIRE** hereby certifies that he is the attorney for Plaintiffs in this action, and that **on the below date**, a true and correct copy of Plaintiff's Complaint was served via electronic mail and/or U.S. Mail to the following:

David R. Bronstein, Esquire (Attorney for Lota USA, LLC)

Sheena Daniel (Claims Adjuster for Spectrum Brands Defendants/Liberty Mutual Insurance Company)

Respectfully submitted,

By: _____
ANTHONY S. PINNIE, ESQUIRE
ATTORNEY FOR PLAINTIFF

DATE: October 3, 2018

# EXHIBIT B

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY PETHERBRIDGE | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| SPECTRUM BRANDS, INC., ET AL. | : | NO.: |
| AND | : | |
| LOTA, USA, LLC | : | |

### NOTICE OF JOINDER IN AND CONSENT TO REMOVAL BY DEFENDANTS SPECTRUM BRANDS, INC., SPECTRUM BRANDS HOLDINGS, INC., AND PFISTER INC.

Defendants Spectrum Brands, Inc., Spectrum Brands Holdings, Inc., and Pfister Inc. file this consent to removal under 28 U.S.C. §1446 (b)(2)(A). On December 4, 2018, Defendant Lota USA, LLC filed a Notice of Removal to federal court. Defendants Spectrum Brands, Inc., Spectrum Brands Holdings, Inc., and Pfister Inc. agree with the Notice of Removal and consent to removal of this action to federal court.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.

_____
David F. White, Esquire
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
*Attorney for Spectrum Brands, Inc., Spectrum Brands Holdings, Inc., and Pfister Inc.*

Dated: December 4, 2018